[Cite as *State v. Bolin*, 2022-Ohio-3375.]

Released: 9/13/22

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,               :          Case No. 21CA14

    v.                                :

                                      :          DECISION AND
MICHAEL BOLIN,                          :          JUDGMENT ENTRY

    Defendant-Appellant.              :
_____

APPEARANCES:

Timothy Young, Ohio Public Defender, and R. Jessica Manungo, Assistant State Public Defender, Columbus, Ohio, for Appellant.

Lisa Eliason, Athens City Law Director, and Justin E. Townley, Athens City Prosecutor, Athens, Ohio, for Appellee.

_____

Smith, P.J.

{¶1} Appellant, Michael Bolin, appeals the judgment of the Athens Municipal Court convicting him of one count of the sale of beer to an underage person, a first-degree misdemeanor in violation of R.C. 4301.69(A). On appeal, Bolin raises two assignments of error contending 1) that the trial court abused its discretion when it denied his motion to waive jury costs and imposed all court costs; and 2) that he received ineffective assistance of counsel when trial counsel failed to move for waiver of all court costs at sentencing. For the reasons that

follow, we find no merit to either of Bolin's assignments of error.  Accordingly, the judgment of the trial court is affirmed.

## FACTS

{¶2} Bolin was convicted by a jury on August 26, 2021, of one count of the sale of beer to an underaged person, a first-degree misdemeanor in violation of R.C. 4301.69(A).  His conviction stemmed from an incident that occurred while Bolin was working the register at the Atheneon Carry Out, which Bolin owned.  The record before us indicates that Bolin was indigent at the time of trial, having lost his store as a result of the incident.  He was also apparently unemployed and only received $400.00 of Social Security Disability Income at the time of trial.  Further, he was involved in bankruptcy proceedings and anticipated future civil repercussions as a result of the incident.  Despite this and despite defense counsel's request for the imposition of the mandatory minimum fine and waiver of jury costs, the trial court denied the request for waiver of the jury costs and instead imposed not only jury costs, but all court costs.  The trial court also imposed the mandatory minimum fine of $500.00 and sentenced Bolin to a 30-day suspended jail sentence.   It is from this conviction and sentence that Bolin now brings his timely appeal, setting forth two assignments of error for our review.

## ASSIGNMENTS OF ERROR

I.      THE TRIAL COURT ABUSED ITS DISCRETION
        WHEN IT DENIED MR. BOLIN'S MOTION TO

WAIVE JURY COSTS AND IMPOSED ALL COURT COSTS.

II.     MR. BOLIN RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF THE SIXTH AMENDMENT TO THE UNITED STATES CONSTITUTION WHEN TRIAL COUNSEL FAILED TO MOVE FOR WAIVER OF ALL COURT COSTS AT SENTENCING.

ASSIGNMENT OF ERROR I

{¶3} In his first assignment of error, Bolin contends that the trial court abused its discretion when it denied his motion to waive jury costs and instead imposed all court costs. He argues that the trial court abused its discretion because he was indigent and he had "significant ongoing financial challenges." The State responds by arguing that the court heard arguments from the defense and still determined costs were appropriate. The State contends that the trial court's "actions were in line with R.C. 2947.23(A) and that it did not abuse it's discretion by refusing to waive the jury costs, nor in imposing all court costs."

{¶4} R.C. 2947.23 governs "Judgment for costs and jury fees; community service upon failure to pay" and provides in section (A)(1)(a) as follows:

> In *all* criminal cases, including violations of ordinances, the judge or magistrate *shall* include in the sentence the costs of prosecution, including any costs of prosecution under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs. (Emphasis added).

{¶5} However, effective March 22, 2013, the General Assembly enacted R.C. 2947.23(C), which states that a trial court "retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter." 2012 Sub.H.B. No. 247.

{¶6} Thus, although R.C. 2947.23 mandates trial courts to impose costs in all criminal cases, it also gives trial courts discretion to waive, suspend, or modify the payment of costs, either at sentencing or at any time thereafter. Therefore, a court's decision concerning a waiver of costs is reviewed under an abuse of discretion standard. *State v. Braden*, 158 Ohio St.3d 462, 2019-Ohio-4202, 145 N.E.3d 235, ¶ 21. To find an abuse of discretion, an appellate court must determine the trial court's decision is unreasonable, arbitrary, or unconscionable. *See Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶7} In *State v. Taylor*, 161 N.E.3d 486, 2020-Ohio-3514, 163 N.E.3d 486, the Supreme Court of Ohio recently addressed what trial courts must take into consideration when confronted with a request for waiver of court costs, as well as what constitutes an abuse of discretion in this particular area of the law. In *Taylor*, the Court held that a trial court is not required to consider a defendant's ability to pay when it rules on a motion to waive, suspend, or modify court costs. *Id*. at ¶ 1. In reaching its decision, the Court observed as follows:

> By statute, the imposition of court costs on all convicted
> defendants is mandatory. R.C. 2947.23(A)(1)(a) reads: "In all

criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs." (Emphasis added.) As we have explained, this strict statutory language "requires a court to impose costs against all convicted defendants," indigent or not. (Emphasis sic). *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8.

But R.C. 2947.23(C) gives a trial court continuing jurisdiction to "waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter." So, while the court must impose costs, it may also waive, suspend, or modify them. "[W]aiver of costs is permitted - but not required - if the defendant is indigent." *White* at ¶ 14.

*State v. Taylor*, *supra,* at ¶ 6-8.

{¶8} The *Taylor* Court went on to explain as follows regarding whether trial courts must consider a defendant's ability to pay what constitutes an abuse of discretion in ruling on a motion to waive court costs:

* * * It is a basic principle of our legal system that a trial court's decision must not be arbitrary and cannot be based on considerations wholly unrelated to the decision it is tasked with making. A trial court could not, for instance, deny a motion to waive costs based on the flip of a coin or the color of a defendant's hair or because it is Tuesday. Neither could a court adopt a standing order to reject all such motions, as that would be opting out of any sort of rational assessment altogether. Statutes often give broad discretion that are reasonable under the circumstances. But to require that a specific criterion be applied in every case, there must be statutory support. And there just isn't any here. Thus, we hold that a trial court is not required to consider the defendant's ability to pay in assessing a motion to waive, suspend, or modify court costs under R.C. 2947.23(C), though it is permitted to do so.

*Taylor* at ¶ 16.

{¶9} Here, defense counsel requested that the trial court impose the mandatory minimum fine of $500.00 and also asked the court to waive the jury costs based upon Bolin's "financial condition."  Defense counsel informed the court on the record that the mandatory minimum fine would be "significant" for Bolin because he had lost his store after the incident and he was "currently in bankruptcy."  Defense counsel further stated that "there's going to be civil repercussions that [Bolin] is going to have to face as a result of this as well."  Bolin further argues on appeal that his indigency was demonstrated in the record below and that his affidavit of indigency indicated he was unemployed and only received Social Security Disability Income in the amount of $400.00 per month.  Bolin also points out that his affidavit of indigency provided that his monthly expenses totaled $345.00 a month, leaving him with only $55.00 of disposable income each month.

{¶10} Although the trial court imposed the mandatory minimum fine, it assessed court costs, including jury costs, against Bolin.  In doing so, the trial court noted as follows:

> Court costs, including the costs of the jury, are assessed to the Defendant.  Now court costs are civil in nature, so if Mr. Bolin has declared bankruptcy personally, that needs to be dealt with in bankruptcy court.  If he has not, or if it's not dealt with in bankruptcy court, the clerk's office is glad to accept monthly payments.

{¶11} Thus, the record demonstrates that the trial court was aware of Bolin's financial condition and although it was not required to consider his ability to pay, the trial court appears to have considered it by virtue of its statements regarding the filing of bankruptcy and the option to make payments. "R.C. 2947.23(C) 'give[s] broad discretion to [trial] courts to make decisions that are reasonable under the circumstances.' " *State v. Phillips*, 4th Dist. Scioto No. 20CA3905, 2022-Ohio-478, ¶ 13, quoting *Taylor*, *supra*, at ¶ 7. Furthermore, as set forth above, the Supreme Court of Ohio has recently reaffirmed that " '[w]aiver of costs is permitted—but not required—if the defendant is indigent.' " *Taylor, supra*, at ¶ 7, quoting *State v. White, supra*, at ¶ 14.

{¶12} There is no indication from the record that the trial court's decision was based on anything arbitrary, as discussed in *Taylor*, and in light of the fact that there are no specific factors that a trial court must consider, we cannot conclude that the trial court's imposition of court costs, including jury costs, was unreasonable or constituted an abuse of discretion. *See Taylor, supra*, at ¶ 8 ("The statutory language provides no explicit criteria that a court should use in deciding whether to waive, suspend, or modify costs"). Accordingly, Bolin's first assignment of error lack merit and is overruled.

ASSIGNMENT OF ERROR II

{¶13} In his second assignment of error, Bolin contends that he received ineffective assistance of counsel in violation of the Sixth Amendment to the United States Constitution when his trial counsel failed to move for waiver of all court costs at sentencing. More specifically, Bolin argues that his trial counsel was ineffective for failing to request waiver of court costs in light of his indigence. In response, the State argues that the trial court was advised of Bolin's indigency status and therefore Bolin was not prejudiced by his counsel's failure to move for waiver of court costs. The State further argues that Bolin cannot demonstrate he was prejudiced by counsel's failure to request waiver of court costs because this Court has held that even if we assume counsel was deficient in failing to make the request, prejudice cannot be shown under such circumstances because defendants can now move for waiver of court costs at any time, not just at sentencing.

{¶14} The Sixth Amendment to the United States Constitution, and Article I, Section 10 of the Ohio Constitution, provide that defendants in all criminal proceedings shall have the assistance of counsel for their defense. The United States Supreme Court has generally interpreted this provision to mean that a criminal defendant is entitled to the "reasonably effective assistance" of counsel. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To establish a claim of ineffective assistance of counsel, a defendant must show that (1) counsel's performance was deficient, and (2) the deficient performance

prejudiced the defense so as to deprive the defendant of a fair trial. *Id.* at 687. To show deficient performance, a defendant must prove that counsel's performance fell below an objective level of reasonable representation. *See State v. Conway*, 109 Ohio St.3d 412, 2006-Ohio-2815, 848 N.E.2d 810, ¶ 95. Moreover, courts need not analyze both prongs of the Strickland test if a claim can be resolved under only one prong. *See State v. Madrigal*, 87 Ohio St.3d 378, 389, 721 N.E.2d 52 (2000); *State v. Clark*, 4th Dist. Pike No. 02CA684, 2003-Ohio-1707, ¶ 17; *State v. Blair*, 4th Dist. Athens No. 18CA24, 2019-Ohio-2768, ¶ 58.

{¶15} When determining whether counsel's representation amounts to deficient performance, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland* at 689. Because a properly licensed attorney is presumed to execute his duties in an ethical and competent manner, *State v. Taylor*, 4th Dist. Washington No. 07CA11, 2008-Ohio-482, ¶ 10, a defendant bears the burden to show ineffectiveness by demonstrating that counsel's errors were "so serious" that counsel failed to function "as the 'counsel' guaranteed * * * by the Sixth Amendment." *Strickland* at 687.

{¶16} We initially note, with respect to the State's argument that even assuming counsel's performance was deficient there can be no demonstration of prejudice in light of the fact that Bolin can still move for suspension of court costs,

that such argument has been rejected by the Supreme Court of Ohio. Although the State relies upon this Court's prior reasoning in *State v. Farnese*, 4th Dist. Washington No. 15CA11, 2015-Ohio-3533, the Supreme Court of Ohio has since clarified that such reasoning is misplaced. *State v. Davis, supra*, at ¶ 14 (An appellate court's reliance on the fact that a defendant may move for a waiver of costs at a later time under R.C. 2947.23(C) is improper"). Thus, despite the fact that this Court previously resorted to this line of reasoning, it is clear that such reasoning is no longer appropriate.

{¶17} We nevertheless find that Bolin's arguments on appeal fail. As discussed under our analysis of Bolin's first assignment of error, R.C. 2947.23 provides for costs to be included in a criminal sentence. In all criminal cases a judge must include in the sentence the costs of prosecution and render a judgment against the defendant for such costs, even if the defendant is indigent. R.C. 2947.23(A)(1)(a). However, a trial court retains jurisdiction to waive, suspend, or modify the payment of the costs "at the time of sentencing or at any time thereafter." R.C. 2947.23(C).

{¶18} In his brief, Bolin concedes that a prior determination of indigency alone "does not rise to the level of creating a reasonable probability that the trial court would have waived all costs." However, he claims that because the record demonstrates his indigency and because he was not employed, had lost his store,

was only receiving Social Security Disability Income of only $400.00 with only $55.00 of disposable income each month, and was in bankruptcy proceedings, that his trial counsel was ineffective for failing to request waiver of all court costs, rather than just jury costs. Bolin points to the fact that the trial court imposed only the mandatory minimum fine in response to defense counsel's request and argues that this indicates the trial court would have been amenable to a request for waiver of all court costs. However, in making this argument, Bolin ignores the fact that the trial court imposed jury costs despite defense counsel's request for a waiver.

{¶19} Common sense dictates that if the trial court denied the request for waiver of the jury costs, it would have also denied the request for waiver of all court costs. " 'The statutes applicable to financial sanctions and fines require a trial court to consider a defendant's present and future ability to pay while the statute applicable to costs, R.C. 2947.23, does not.' " *State v. Phillips, supra*, at ¶ 12, quoting *State v. Babyak*, 12th Dist. Madison No. CA2019-08-025, 2020-Ohio-325, ¶ 12-13. Thus, while trial courts must consider a defendant's ability to pay when imposing fines, as set forth above, there is no such requirement when imposing court costs. Moreover, "counsel is not required to pursue a vain act." *State v. Wilson*, 4th Dist. Lawrence No. 16CA12, 2018-Ohio-2700, ¶ 57, citing *State v. Fouts*, 4th Dist. Washington No. 15CA25, 2016-Ohio-1104, ¶ 75. Based upon the record before us, we cannot conclude that trial counsel's performance was

either deficient or that it resulted in prejudice.  Accordingly, we find no merit to

Bolin's second assignment of error and it is overruled.

{¶20} Having found no merit to either of Bolin's assignments of error, the

judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED.**

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens Municipal Court to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Hess, J. and Wilkin, J. concur in Judgment and Opinion.

> For the Court,
>
> _____
> Jason P. Smith
> Presiding Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**