[Cite as *State v. Smith*, 2023-Ohio-1235.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| State of Ohio, | : | Case No.   22CA4006 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| Thomas O. Smith, | : | |
| Defendant-Appellant. | : | **RELEASED 4/12/2023** |

_____
APPEARANCES:

Addison M. Spriggs, Assistant State Public Defender, Office of the Ohio Public Defender, Columbus, Ohio, for appellant.

Shane A. Tieman, Prosecuting Attorney, and Jay S. Willis, Assistant Prosecuting Attorney, Portsmouth, Ohio, for appellee.
_____
Hess, J.

{¶1}   Thomas O. Smith appeals from a judgment of the Scioto County Court of Common Pleas denying his motion to waive, modify, or suspend payment of court costs. Smith presents two assignments of error asserting the trial court plainly erred when it failed to vacate unauthorized court costs in the form of special project fees and abused its discretion when it failed to waive, modify, or suspend his $22,564.54 in court costs and instead directed his account into a payment plan.  For the reasons which follow, we overrule the assignments of error and affirm the trial court's judgment.

I.  FACTS AND PROCEDURAL HISTORY

{¶2}   In February 2015, Smith was convicted, following a jury trial, of multiple offenses, including engaging in a pattern of corrupt activity, drug trafficking offenses, and

participating in a criminal gang. The trial court imposed an aggregate sentence of 40 years in prison, ordered Smith to pay a fine of $20,000 and the costs of prosecution, and directed the Department of Rehabilitation and Corrections ("DRC") "to withhold funds in the appropriate amount from the defendant's account to pay the costs."  We affirmed the convictions but found that the trial court should have merged the convictions for engaging in a pattern of corrupt activity and participating in a criminal gang as allied offenses of similar import.  *State v. Smith*, 2016-Ohio-5062, 70 N.E.3d 150, ¶ 123 (4th Dist.). Therefore, we remanded the matter to the trial court "for the limited purpose of conducting a new sentencing hearing consistent with" our opinion.  *Id.*  Subsequently, Smith filed a petition for postconviction relief. The trial court denied the petition and conducted the resentencing hearing.  The court imposed an aggregate sentence of 32 years in prison, again ordered Smith to pay a fine of $20,000 and the costs of prosecution, and directed DRC "to withhold funds in the appropriate amount from the defendant's account to pay the fine and costs."  Smith appealed the denial of his petition for postconviction relief, and we affirmed the trial court's judgment.  *State v. Smith*, 4th Dist. Scioto No. 16CA3774, 2017-Ohio-7659, ¶ 1.

{¶3}   The docket sheet contains two notations for August 29, 2022, which are relevant to this appeal.  The first notation states:

> ITEMIZED BILL
> SMITH, THOMAS was sent bill (STMT MAILED TO MANCI) for $22564.54 printed on 08/29/2022
> -ATTY ADDISON SPRIGGS W/PUBLIC DEFENDER OFFICE REQUESTED COPY OF THIS ITEMIZED BILL
> -REVISED BILL TO REMOVE ALL SP CODES – RE-SENT REVISED BILL TO MANCI

{¶4}    The second notation is for a motion to waive, modify, or suspend payment of court costs filed by Smith.  In the motion, Smith asserted he was charged $22,564.54 in court costs, which included eight charges for special project fees totaling $40.00. Pursuant to R.C. 2947.23(C), Smith asked the court to waive the costs, modify the costs by reducing them, or suspend their collection until his release from prison in 2046.  Smith asserted that he was 34 years old, incarcerated in the Mansfield Correctional Institution, and had "no financial resources to assist him in paying the court costs associated with his case, other than the negligible income he earns while employed in the institution."  Smith claimed that he made between $8 and $17 a month, received "no financial support from outside sources," and could not afford basic living expenses.  Smith asserted that he was indigent at the time of trial, remained indigent, and was unable to pay his debt while incarcerated. He asserted it was unlikely that he would be able to make meaningful payments towards his debt after his release. Smith also asked the court to waive the special project fees on the additional ground that no statute or rule authorized them, and in *State v. Duckett*, 4th Dist. Scioto No. 20CA3924, 2021-Ohio-3110, this court held that it was plain error to assess such fees when no statute or local rule authorizes them.

{¶5}    The exhibits attached to Smith's motion include an itemized bill dated August 29, 2022 with an amount due of $22,564.54.  This amount includes the $20,000 fine.  No "special project" fees appear on the bill.

{¶6}    The state filed a memorandum in response to Smith's motion. The state agreed special project fees should be waived pursuant to *Duckett*. The state had no "objection to an appropriate payment plan being established for the Defendant in this matter."  However, the state objected "to a suspension or waive[r] of all court costs in this

case."  The state asserted that Smith "made a decision to take this matter to trial and was convicted" and that "he should bear at least part of the burden of paying for the costs associated with conducting that trial, not as punishment but as the natural consequence of his decision."  The state asserted that "[s]ociety should not bear the entire burden."

{¶7}    Subsequently, the trial court issued a judgment entry stating:

> This matter comes before the Court upon Defendant's Request for Payment Plan for fines and court costs.
>
> With due consideration, the Court hereby finds a payment plan shall be granted in the above stated matter for any fines/court costs.  Effective the date of this entry, Defendant's payment of court costs shall be paid, in the total amount of $25.00 monthly, by the Defendant or Defendant's family member, directly to the Scioto County Clerk of Courts, and not deducted from the commissary.
>
> It is further Ordered if one payment is missed, the payment of costs shall return to being deducted from the commissary.

This appeal followed.

## II.  ASSIGNMENTS OF ERROR

{¶8}    Smith presents two assignments of error:

ASSIGNMENT OF ERROR I:  The trial court plainly erred when it failed to vacate unauthorized court costs in the form of special project fees.

ASSIGNMENT OF ERROR II:  The trial court abused its discretion when it failed to waive, modify, or suspend Mr. Smith's $22,564.54 in court costs and instead directed his account into a payment plan.

## III.  LAW AND ANALYSIS

{¶9}    "By statute, the imposition of court costs on all convicted defendants is mandatory."  *State v. Taylor*, 161 Ohio St.3d 319, 2020-Ohio-3514, 163 N.E.3d 486, ¶ 6.  R.C. 2947.23(A)(1)(a) states:  "In all criminal cases, * * * the judge * * * *shall* include in the sentence the costs of prosecution * * * and render a judgment against the defendant

for such costs."  (Emphasis added.)  However, R.C. 2947.23(C) states that "[t]he court retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter."  "Thus, although R.C. 2947.23 mandates trial courts to impose costs in all criminal cases, it also gives trial courts discretion to waive, suspend, or modify the payment of costs, either at sentencing or at any time thereafter."  *State v. Bolin*, 4th Dist. Athens No. 21CA14, 2022-Ohio-3375, ¶ 6. We review a trial court's decision regarding a motion to waive, suspend, or modify the payment of costs under an abuse of discretion standard.  *Id.*  "To find an abuse of discretion, an appellate court must determine the trial court's decision is unreasonable, arbitrary, or unconscionable."  *Id.*

## A.  Special Project Fees

{¶10}  In the first assignment of error, Smith contends that the trial court plainly erred when it failed to vacate unauthorized court costs in the form of special project fees. Smith asserts that the fees were assessed in 2014 and 2015, and citing *State v. Tabor*, 4th Dist. Jackson No. 16CA9, 2017-Ohio-8656, he asserts that plain error review applies because his counsel at the time did not object to the fees.  He asserts that a court's power to assess costs is limited by statute and local rule and that *Duckett* found no statute or local rule in Scioto County authorizes special project fees, so the trial court should have vacated them. He asks this court to "vacate the unauthorized costs that have been assessed against" him.

{¶11}  In its appellee's brief, the state asserted that Smith would be withdrawing his first assignment of error, which the parties now agreed was moot because the clerk removed the special project fees from Smith's bill on August 29, 2022. Subsequently,

Smith filed a "notice of modification to cost bill" to "notify this court of a development related to his cost bill"—that the clerk removed the special project fees from his bill.  The notice states that "[t]his may have rendered the corresponding assignment of error moot. However, absent an order from this court, it is unclear whether the clerk of courts may reinstate those unauthorized fees."

{¶12}  As a preliminary matter, we note that plain error review does not apply to this assignment of error. Crim.R. 52(B) states: "Plain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."  Smith brought the special project fee issue to the attention of the trial court via his motion to waive, modify, or suspend payment of court costs.  He asked the court to waive special project fees under R.C. 2947.23(C) on the same ground asserted in the argument under his first assignment of error—that the fees are not authorized by statute or rule. The trial court effectively denied Smith's motion, and as we explained above, we review a decision on a motion to waive, suspend, or modify the payment of costs pursuant to R.C. 2947.23(C) for an abuse of discretion.  *Bolin*, 4th Dist. Athens No. 21CA14, 2022-Ohio-3375, at ¶ 6.

{¶13}  *Tabor* is inapposite.  In that case, the defendant filed a direct appeal from a judgment of conviction and sentence and asserted that the trial court erred by imposing unauthorized court costs.  *Tabor*, 4th Dist. Jackson No. 16CA9, 2017-Ohio-8656, at ¶ 1, 43.  We concluded plain error review applied because the defendant did not object to the costs during the trial court proceedings.  *Id.* at ¶ 44.  Nothing in *Tabor* indicates the defendant filed a motion in the trial court pursuant to R.C. 2947.23(C) like Smith did.

{¶14}  The trial court did not abuse its discretion when it denied Smith's request for a waiver of special project fees.  One could interpret the first notation on the docket sheet for August 29, 2022 to mean that the clerk revised Smith's bill that day to remove special project fees from it.  No one has challenged the clerk's authority to do so.  The bill which Smith attached as an exhibit to his motion to waive, modify, or suspend payment of court costs is evidently the revised bill because it does not include any "special project" fees.  In his appellate brief, Smith made a table outlining the $40 in special project fees which he asserts were charged to him.  For each of the eight fees, the table lists a date, the item description "SPECIAL PROJECTS/MARSHALL," an amount charged of $5, and an amount due of $5. He cites the "August 29, 2022 Cost Bill" as the source for the information in the table.  But none of these fees appear on the bill from that date which he attached to his motion.  And because no special project fees appear on the bill which Smith attached to his motion, the trial court's denial of his request for a waiver of special project fees was not unreasonable, arbitrary, or unconscionable.  Accordingly, we overrule the first assignment of error.

### B.  Other Costs

{¶15}  In the second assignment of error, Smith contends the trial court abused its discretion when it failed to waive, modify, or suspend his $22,564.54 in court costs and instead directed his account into a payment plan.  Smith asserts that he "was indigent when he was first convicted, remains indigent, and will likely be indigent until at least the age of 56 when he is released from prison."  Smith maintains that there is "no feasible way" for him to pay his debt while incarcerated.  He asserts that he "will be unable to obtain a higher salary beyond what is offered through" DRC "for the foreseeable future."

He asserts DRC paid him $17 in June 2022 and $8.75 in July 2022, and he "is unable to pay for his hygiene products, medical co-pays, and necessary daily expenses, much less his extensive court debt."  Smith states that even after his release, he "will likely struggle to support himself, let alone make meaningful payments toward his $22,564.54 debt" "as a 56-year old man who is navigating reentry."  Smith asserts that it was an abuse of discretion for the trial court to not modify, waive, or suspend his court costs "despite the numerous indications of his present and future ability to pay them" and "summarily" state that he, "or a family member of his, would be required to make monthly payments towards the court costs, without any consideration of the indigency indications presented" by him. Smith asks us to "remand to the trial court for a hearing to determine an appropriate amount of [his] costs to waive, modify, or suspend."

{¶16}  The state contends that a trial court "is not required to suspend court costs upon a showing of indigency" or make explicit findings or explain its decision under R.C. 2947.23(C). And the state asserts that the trial court implicitly considered Smith's assertion that he was indigent "by ordering a payment plan."[1]

{¶17}  R.C. 2947.23(C) "provides no explicit criteria that a court should use in deciding whether to waive, suspend, or modify costs."  *Taylor*, 161 Ohio St.3d 319, 2020-Ohio-3514, 163 N.E.3d 486, at ¶ 8.  "[A] trial court is not required to consider the defendant's ability to pay in assessing a motion to waive, suspend, or modify court costs under R.C. 2947.23(C), though it is permitted to do so."  *Id.* at ¶ 16.  " '[W]aiver of costs is permitted—but not required—if the defendant is indigent.' "  *Id.* at ¶ 7, quoting

---

[1] The state has not argued that the $20,000 fine, which is included in the $22,564.54, is not a cost of prosecution which is subject to R.C. 2947.23(C).

*State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 14.  *Taylor*

observed that aside from ability to pay,

> in the abstract, there are many other criteria that can equally justify a decision to waive, suspend, or modify the imposition of costs in a particular case.  A court might, for instance, look to whether the costs are unfairly excessive given the degree of wrongdoing.  Or a court might look to whether the costs impose a hardship on third parties.  Or maybe a court would conclude that R.C. 5120.133, which prevents a prison from disbursing an inmate's funds that, by statute, are "exempt from execution, garnishment, attachment, or sale," adequately addresses a defendant's present inability to pay.  In such a case, a court might choose to keep the costs order in place in the event the defendant can pay later.

*Id.* at ¶ 12.  *Taylor* also explained the absence of explicit criteria in R.C. 2947.23(C) did

not make the decision to waive, modify, or suspend costs "a matter of trial-court whim,"

stating:

> It is a basic principle of our legal system that a trial court's decision must not be arbitrary and cannot be based on considerations wholly unrelated to the decision it is tasked with making.  A trial court could not, for instance, deny a motion to waive costs based on the flip of a coin or the color of a defendant's hair or because it is Tuesday.  Neither could a court adopt a standing order to reject all such motions, as that would be opting out of any sort of rational assessment altogether.

*Id.* at ¶ 16.

{¶18}  In addition, this court has recognized that while "an explanation for a trial

court's decision regarding a motion to waive payment of court costs may facilitate a more

meaningful appellate review," R.C. 2947.23(C) "does not require an explicit explanation."

*State v. Phillips*, 4th Dist. Scioto No. 20CA3905, 2022-Ohio-478, ¶ 13.  We have stated

that "because the statute is silent concerning findings, trial courts should not be required

to make findings when ruling on a motion to waive the payment of court costs."  *Id.*

Therefore, we have found "no error" with a trial court's failure to include explicit findings

in a decision on a motion under R.C. 2947.23(C).  *Id.* at ¶ 14.

**{¶19}** Smith does not identify anything unreasonable, arbitrary, or unconscionable about the decision denying his motion except for the fact that there are "numerous indications" of his present and future inability to pay court costs, and the trial court issued a summary decision "without any consideration of the indigency indications presented" by him. But again, "a trial court is not required to consider the defendant's ability to pay in assessing a motion to waive, suspend, or modify court costs under R.C. 2947.23(C), though it is permitted to do so," *Taylor* at ¶ 16, and the court is not required to make explicit findings when ruling on such a motion, *Phillips* at ¶ 13-14. And the fact that the court ordered Smith to make modest monthly payments suggests the court did consider his ability to pay. For these reasons, we cannot conclude the trial court abused its discretion when it failed to waive, modify, or suspend Smith's court costs and instead directed his account into a payment plan. Accordingly, we overrule the second assignment of error.

<h2 style="text-align:center">IV. CONCLUSION</h2>

**{¶20}** Having overruled the assignments of error, we affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Wilkin, J.: Concur in Judgment and Opinion.

For the Court

BY: _____
        Michael D. Hess, Judge

## NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**