[Cite as *State v. Caldwell*, 2025-Ohio-2827.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
CRAWFORD COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

v.

BRIAN CALDWELL,

    DEFENDANT-APPELLANT.

CASE NO. 3-24-17

OPINION AND
JUDGMENT ENTRY

Appeal from Crawford County Common Pleas Court
Trial Court No. 24-CR-0112

Judgment Affirmed in Part, Reversed in Part and Cause Remanded

Date of Decision:  August 11, 2025

APPEARANCES:

    *Christopher Bazeley* **for Appellant**

    *Daniel J. Stanley* **for Appellee**

**WILLAMOWSKI, J.**

{**¶1**} Defendant-appellant Brian Caldwell ("Caldwell") brings this appeal from the judgment of the Court of Common Pleas of Crawford County finding him guilty of seven counts of aggravated trafficking in drugs and one count of manufacturing drugs. The trial court then sentenced Caldwell to an aggregate prison term of 11 to 16.5 years plus 36 months. On appeal Caldwell claims that his convictions in six of the counts were not supported by the evidence and that the trial court erred in finding him guilty of levels of the offense higher than that listed on the verdict forms. For the reasons set forth below, the judgment is affirmed in part and reversed in part.

{**¶2**} On April 23, 2024, the Crawford County Grand Jury indicted Caldwell on ten counts: 1) aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), (C)(1)(e), a felony of the first degree; 2) illegal manufacture of drugs in violation of R.C. 2925.04(A), (C)(3)(a), a felony of the second degree; 3) aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), (C)(1)(d), a felony of the second degree; 4) aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), (C)(1)(d), a felony of the second degree; 5) aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), (C)(1)(d), a felony of the second degree; 6) aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), (C)(1)(d), a felony of the second degree; 7) aggravated trafficking in drugs in violation of R.C. 2925.03(A)(1), (C)(1)(d), a

felony of the second degree; 8) aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), (C)(1)(e), a felony of the first degree; 9) aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), (C)(1)(e), a felony of the first degree; and 10) aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), (C)(1)(c), a felony of the third degree. The trial court arraigned Caldwell and Caldwell entered a plea of not guilty to all counts. A jury trial was held on May 9 and 10, 2024. The trial court granted a Crim.R. 29 motion as to Counts 5 and 8. The jury returned guilty verdicts on the remaining counts.

{¶3} On June 21, 2024, the trial court held a sentencing hearing. The trial court sentenced Caldwell to serve a prison terms as follows: Count 1 = six years; Count 2 = 8 years; Count 3 = 24 months; Count 4 = 24 months; Count 6 = 6 years; Count 7 = 6 years; Count 9 = 11 years; and Count 10 = 36 months. Counts 1, 2, 6, 7, and 9 were ordered to be served concurrent to each other for an indefinite sentence of 11 to 16.5 years. Counts 3, 4, and 10 were ordered to be served concurrent to each other for a definite sentence of 36 months. These two sentence groupings were ordered to be served consecutive to each other for an aggregate prison term of 11 years to 16.5 years plus 36 months. Caldwell appeals from this judgment and raises the following assignments of error on appeal.

**First Assignment of Error**

**The State failed to prove that the Crawford County Court of Common Pleas was the proper venue for the trial of counts one through eight.**

**Second Assignment of Error**

**Caldwell's sentences on counts one, three, four, six, seven, nine, and ten are contrary to law.**

*Venue*

{¶4} In the first assignment of error, Caldwell claims that the State failed to prove venue for counts one, two, three, four, six, and seven. "Although it is not a material element of the offense charged, venue is a fact which must be proved in criminal prosecutions unless it is waived by the defendant." *State v. Headley*, 6 Ohio St.3d 475, 477 (1983). Establishment of venue is controlled by R.C. 2901.12 which states in relevant part as follows.

> A) The trial of a criminal case in this state shall be held in a court having jurisdiction of the subject matter, and, except in cases of emergency under section 1901.028, 1907.04, 2301.04, or 2501.20 of the Revised Code, in the territory of which the offense or any element of the offense was committed.
>
> . . .
>
> G) When it appears beyond a reasonable doubt that an offense or any element of an offense was committed in any of two or more jurisdictions, but it cannot reasonably be determined in which jurisdiction the offense or element was committed, the offender may be tried in any of those jurisdictions.
>
> (H) When an offender, as part of a course of criminal conduct, commits offenses in different jurisdictions, the offender may be tried for all of those offenses in any jurisdiction in which one of those offenses or any element of one of those offenses occurred. Without limitation on the evidence that may be used to establish the course of criminal conduct, any of the following is prima-facie evidence of a course of criminal conduct:

. . .

> (3) The offenses were committed as part of the same transaction or chain of events, or in furtherance of the same purpose or objective.

R.C. 2901.12. "[V]enue need not 'be proven in express terms' as long as it can 'be established by all the facts and circumstances in the case'". *State v. Brown*, 2024-Ohio-627, ¶ 23 (3d Dist.).

**{¶5}** Caldwell claims that since there was no evidence that the messages were sent or received in Crawford County, the State did not establish venue. However, the Supreme Court of Ohio has held that a defendant may be indicted and tried in a county for offenses that occurred outside that county "provided that the offenses are part of the same course of conduct that took place in the county in which the grand jury resides." *State v. Jackson*, 2014-Ohio-3707, ¶ 131. "The question of venue is ultimately resolved by determining whether the defendant had a 'significant nexus' with the jurisdiction in which he was tried." *Brown, supra* at ¶ 24.

**{¶6}** Caldwell argues that the state failed to prove venue in counts one, three four, six, and seven because they were all based solely upon cell phone messages. Venue is established in the counties in which the messages were sent or received via a telecommunication device. R.C. 2901.12(I)(1). However, Detective Tyler Winkleman ("Winkleman") admitted that there was no evidence that the messages were either sent from or received in Crawford County. Nevertheless, this was not all the evidence that was presented.

{¶7} Deputy David Rowland testified that he stopped Caldwell's vehicle in Crawford County on February 5, 2024. A search of the vehicle found a large bag of what was later identified as methamphetamine hidden inside a loose speaker in the vehicle. Detective Craig Moser ("Moser") testified that Caldwell claimed he had found the speaker on the side of the road. However, when Moser later searched Caldwell's home in Crawford County, he found a nearly identical speaker. Additionally, the search of the apartment found an additional 12.95 grams of methamphetamine and a digital scale.

{¶8} Winkleman testified that he searched Caldwell's cellphone and found conversations discussing drug deals. Although Winkleman did not know where exactly the phone was located when the text messages were sent and received, he knew that Caldwell had been living in the same location since the beginning of the investigation in January of 2024.

{¶9} A review of the evidence shows that a reasonable juror could conclude that Caldwell was engaged in a course of criminal conduct with a significant nexus to Crawford County. Caldwell was bringing the drugs into Crawford County and was apparently storing at least some of them at his apartment in Crawford County. The phone messages showed that he had engaged in the sale of the drugs on various occasions with multiple people. The "headquarters" of the operation appeared to be Caldwell's home in Crawford County as that was where there was multiple grams of meth found along with scales for measuring it. Some of the text messages

discussed the sales price where Caldwell indicated that he needed to charge a certain price "or I make nothing". Given this evidence, a reasonable juror could conclude that Caldwell's possession of the drugs and sale of the drugs was all in furtherance of the same objective – to make money – and were part of a "course of criminal conduct." Since there was a significant nexus with Crawford County, the evidence supports a conclusion that these charges could, pursuant to R.C. 2901.12(H)(3), rightfully be tried in Crawford County. Thus, the first assignment of error is overruled.

*Sentencing*

{¶10} In his second assignment of error, Caldwell claims that the trial court erred in convicting him of more than the lowest form of the offense because the verdict forms do not specify the level of the offense. "A guilty verdict shall state either the degree of the offense of which the offender is found guilty, or that such additional element or elements are present. Otherwise a guilty verdict constitutes a finding of guilty of the least degree of the offense charged." R.C. 2945.75. The Supreme Court of Ohio has addressed this issue in multiple cases.

{¶11} In *State v. Pelfrey* (2007-Ohio-256), the defendant was charged with tampering with records in violation of R.C. 2913.42, which required an enhanced charge of third degree felony when the tampering involves government records. *Id.* at ¶ 3. The verdict form did not indicate either the degree of the offense or that the records in question were government records. *Id.* at ¶ 4. The defendant appealed

claiming he could only be convicted of a misdemeanor because the verdict form did not contain the necessary statements as required by R. C. 2945.75. *Id*. Despite defendant's failure to raise the issue prior to appeal, the Supreme Court of Ohio determined that the statute was "unambiguous and definite". *Id*. at ¶ 11. Despite the facts that the verdict form incorporated the indictment, the conviction was supported by clear evidence, the jury had been properly instructed, and that Pelfrey had failed to raise an objection, the Court held that the trial court had erred and that Pelfrey could only be convicted of the least degree of the offense. *Id*. at ¶ 14-15.

> Because the language of R.C. 2945.75(A)(2) is clear, this [C]ourt will not excuse the failure to comply with the statute or uphold Pelfrey's conviction based on additional circumstances such as those present in this case. The express requirement of the statute cannot be fulfilled by demonstrating additional circumstances, such as that the verdict incorporates the language of the indictment, or by presenting evidence to show the presence of the aggravated element at trial or the incorporation of the indictment into the verdict form, or by showing that the defendant failed to raise the issue of the inadequacy of the verdict form. We hold that pursuant to the clear language of R.C. 2945.75, a verdict form signed by a jury must include either the degree of the offense of which the defendant is convicted or a statement that an aggravating element has been found to justify convicting a defendant of a greater degree of a criminal offense.

*Id*. at ¶ 14.

{¶12} The Supreme Court of Ohio then appeared to be reconsidering its position in *State v. Eafford*. 2012-Ohio-2224. In *Eafford*, the defendant was charged and convicted of possession of cocaine. *Id*. at ¶ 1. On appeal, the appellate court held that since the verdict form did not state the degree of the offense or

specify that Eafford had possessed cocaine, he could only be convicted of the least degree of the charged offense and reversed the verdict. The Supreme Court of Ohio reversed the appellate court finding that since Eafford was indicted with possession of cocaine, the verdict form referenced the indictment, the testimony showed that it was cocaine, and Eafford did not raise the issue before appeal, the trial court's error did not rise to the level of plain error. *Eafford*, however did not address how its holding complied with the statute or how it affected the ruling in *Pelfrey* as it contained no reference to *Pelfrey*.

{¶13} Next, the Supreme Court of Ohio addressed the issue of compliance with R.C. 2945.75(A)(2) in the case of *State v. McDonald,* 2013-Ohio-5042. In *McDonald*, the defendant was charged and convicted of a third degree felony count of failure to comply with an order or signal of a police officer. *Id*. at ¶ 3. The verdict form indicated that McDonald was guilty of failure to comply with order or signal of police officer and caused a substantial risk of serious physical harm to a person or property. *Id*. at ¶ 6. McDonald claimed on appeal that the verdict form did not comply with R.C. 2945.75, thus preventing him from being convicted of a felony rather than a misdemeanor. *Id*. at ¶ 9. The appellate court affirmed the judgment of the trial court. *Id.* at ¶ 11. The Supreme Court of Ohio took the case to determine whether the inclusion of the "substantial risk of serious physical harm to persons or property" language was sufficient to support the third degree felony conviction when the verdict did not specify the degree of the offense or the additional elements.

*Id*. at ¶ 10. The Court discussed the facts in *McDonald* in light of the holding in *Pelfrey*, but did not address the holding in *Eafford*. In *McDonald*, the Court noted that R.C. 2945.75 was "a clear and complete statute" and that no unreasonable burden was imposed on lawyers or trial judges by the statute. *Id*. at ¶ 14. "It's dictates are simple, and the resolution of cases that do not meet its requirements is also straightforward" – the guilty verdict is deemed to be a finding of guilty of the least degree of the offense charged. *Id*. The Court indicated that nothing outside of the verdict form should be considered in reaching a conclusion as to whether the verdict form is sufficient to support a conviction for anything greater than the least degree of the offense. *Id*. at ¶ 19.

{¶14} Recently, the Supreme Court of Ohio again addressed this issue in *State v. Mays.* 2024-Ohio-4616. In *Mays*, the verdict form stated that the defendant had violated a protection order and cited to the statutory subsections that elevated the conviction from a misdemeanor to a felony. Because the verdict form specified the statutory subsections, the Court determined that the verdict form complied with R.C. 2945.75(A)(2).

{¶15} Here, we note that this is not a plain error challenge. Caldwell objected to being sentenced for more than a fourth degree felony and the matter was considered by the trial court. Additionally, we note that the State and the trial court conceded that the verdict forms did not comply with R.C. 2945.75, instead arguing that since the indictment and the jury instructions included the elevating elements,

-10-

it is sufficient under the holding in *Eafford*. However, the holding in *Eafford* is not the sole holding in effect and *McDonald* was decided after *Eafford*. *McDonald* indicated that a verdict form should contain 1) the degree of the offense, 2) the essential elements which would elevate the degree of the offense, or 3) the relevant statutory provisions providing the degree of the offense. *Mays* at ¶ 10 (citing the concurring opinion). The verdict forms in this case did not contain any of these things. Although the indictment did contain the necessary statutory subsections to raise the degree of the offense, the verdict forms did not. The verdict forms only specified the statutory section for the general offense. The clear and definite language of the statute requires more. The statute also provides that if the guilty verdict does not include the degree of the offense or the necessary additional elements, the "guilty verdict is only a finding of guilty of the least degree of the offense charged." Given the statutory language and the interpretations of the language by the Supreme Court of Ohio, Caldwell can only be convicted of the least degree of the offenses, which are felonies of the fourth degree.[1] The second assignment of error is sustained.

{¶16} Having found error prejudicial to the appellant in the particulars assigned and argued, the judgment of the Court of Common Pleas of Crawford

---

[1] We note that the second assignment of error does not challenge the sentence in count two.

County is affirmed in part and reversed in part. The matter is remanded to the trial court for further proceedings in accord with this opinion.

***Judgment Affirmed in Part,***
***Reversed in Part and***
***Cause Remanded***

**ZIMMERMAN J., concurs.**

**MILLER, J., concurring separately.**

{¶17} I concur in full with the majority opinion but write separately to elaborate on one issue. Plain error does not apply to the second assignment of error because Caldwell objected at the appropriate time to the error he complains about in this appeal.

{¶18} The apparent error in the jury verdict form benefitted Caldwell during the trial by failing to identify the quantity of drugs in some manner that would establish the higher degree of the offenses. "When a trial court's error results in a lesser punishment for the defendant and accordingly prejudices the State, the State bears the burden of objecting and calling the trial court's attention to the error." *State v. Mays*, 2024-Ohio-4616, ¶ 25. Pursuant to R.C. 2945.75(A)(2), the apparent error would result in a lesser punishment for Caldwell. *Compare id.* at ¶ 26 ("the verdict form's alleged failure to comply with R.C. 2945.75(A)(2), if true, would have prejudiced Mays, as the verdict form elevated his offense from a first-degree misdemeanor to a fifth-degree felony"). Consequently, Caldwell had no reason to

object to the apparent error in the jury verdict form prior to the case being submitted to the jury.

{¶19} Plain error review applies to obvious defects that "were *not* brought to the attention of the court." (Emphasis added.) Crim.R. 52(B). The error Caldwell is appealing relates to his being sentenced to a higher degree of offense than allowed by R.C. 2945.75(A)(2). The time for Caldwell to raise an objection to that error— or otherwise bring it to the trial court's attention—would only be prior to sentencing when the trial court would still be able to correct the error. Critically, Caldwell did so. Prior to the trial court sentencing him, Caldwell requested the court impose a sentence in accordance with a finding of guilty on the least degree of the offenses charged, pursuant to R.C. 2945.75(A)(2). This contrasts with, for example, the scenario where the issue of sentencing a defendant contrary to R.C. 2945.75(A)(2) is first presented on appeal.

{¶20} Thus, plain error review does not apply because Caldwell brought the issue to the trial court's attention and allowed the trial court the opportunity to avoid or correct such an error in sentencing him. *E.g., State v. Sanchez*, 2014-Ohio-2263, ¶ 26 (8th Dist.) (plain error review did not apply because the defendant moved for leave to withdraw his guilty plea, thus bringing the validity of the guilty plea to the trial court's attention); *State v. Smith*, 2023-Ohio-1235, ¶ 12 (4th Dist.) (plain error review did not apply because appellant brought the issue to the trial court's attention through a motion that the trial court effectively denied).

{¶21} Finally, it is worth noting that the verdict form in this case is distinguishable from the verdict form discussed in *State v. Eafford*, 2012-Ohio-2224, upon which the trial court relied in overruling Caldwell's motion and sentencing him on the higher degree of each offense.

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, it is the judgment and order of this Court that the judgment of the trial court is affirmed in part and reversed in part with costs assessed equally between Appellant and Appellee for which judgment is hereby rendered. The cause is hereby remanded to the trial court for further proceedings and for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket. See App.R. 30.

_____
John R. Willamowski, Judge


_____
William R. Zimmerman, Judge


_____
Mark C. Miller, Judge
Concurring Separately

DATED:
/hls