[Cite as *State v. Phillips*, 2022-Ohio-478.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. 20CA3905 |
| v. | : | |
| CHAD PHILLIPS, | : | DECISION AND JUDGMENT ENTRY |
| Defendant-Appellant. | : | |

APPEARANCES:

Christopher J. Pagan, Middletown, Ohio, for appellant.[1]

Shane Tieman, Scioto County Prosecuting Attorney, and Jay Willis, Scioto County Assistant Prosecuting Attorney, Portsmouth, Ohio, for appellee.

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED:2-11-22
ABELE, J.

{¶1}     This is an appeal from a Scioto County Common Pleas Court order that denied a motion to vacate and set aside court costs filed by Chad Phillips, defendant below and appellant herein.

{¶2}     Appellant assigns one error for review:

> "R.C. 2947.23(C) CONFERS JURISDICTION ON THE TRIAL
> COURT TO ADJUDICATE A POSTCONVICTION MOTION TO
> VACATE, SUSPEND, OR MODIFY COSTS.  THIS IS A
> STATUTORY CLAIM- NOT A CONSTITUTIONAL CLAIM- SO
> THE 1-YEAR LIMITATIONS PERIOD FROM THE
> POSTCONVICTION STATUTE IS INAPPLICABLE.  AND RES
> JUDICATA IS NO BAR BECAUSE R.C. 2947.23(C) AUTHORIZES
> A POSTCONVICTION COSTS MOTION AS A LEGISLATIVE

_____

[1] Different counsel represented appellant during the trial court proceedings.

EXCEPTION TO RES JUDICATA."

{¶3}     On December 21, 2018, this court affirmed appellant's convictions for aggravated murder and other crimes.  *See State v. Phillips,* 4th Dist. Scioto No. 18CA3832, 2018-Ohio-5432. The trial court sentenced appellant to serve a life sentence with the possibility of parole after 30 years, did not impose a fine or restitution, but did order appellant to pay court costs.  Subsequently, the court clerk produced and filed a $4,238 cost bill.

{¶4}     On December 16, 2019, appellant filed a pro se motion to vacate and set aside costs. Appellant asserts that the court did not consider appellant's present or future ability to pay costs, either at his sentencing hearing or in his sentencing entry.  Appellee's memorandum contra argued that the trial court should dismiss the motion because (1) it is an untimely R.C. 2953.21(A)(2) postconviction motion, or (2) it is barred by res judicata.  On January 29, 2020, the trial court denied the motion without explanation or analysis and this appeal followed.  Additionally, appellant now has counsel to represent him.

{¶5}     In general, a trial court has discretion to waive the payment of court costs.  Therefore, a court's decision concerning a waiver of costs is reviewed under an abuse of discretion standard. *State v. Braden*, 158 Ohio St.3d 462, 2019-Ohio-4202, 145 N.E.3d 235, ¶ 21.  To find an abuse of discretion, an appellate court must determine the trial court's decision is unreasonable, arbitrary, or unconscionable.  *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

{¶6}     Effective March 22, 2013, the General Assembly enacted R.C. 2947.23(C).  That statute provides that a trial court "retains jurisdiction to waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter."  2012 Sub.H.B. No. 247.  R.C. 2947.32 also provides, however, that trial courts are required to assess court costs against criminal defendants even if a defendant is indigent.  *State v. Clinton* 153 Ohio St.3d 422,

2017-Ohio-9423, 108 N.E.3d 1, citing *State v. White* 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393.

{¶7}    Although appellee concedes that R.C. 2947.23(C) authorizes appellant's request, appellee nevertheless argues that the trial court did not find that it does not have the authority to consider appellant's motion, but rather the court considered appellant's request and, in general terms, overruled the request.  Appellee further asserts that in this situation a trial court is not required to explicitly state reasons for the motion's denial.

{¶8}    Appellee also cites *State v. Taylor*, 161 Ohio St.3d 319, 2020-Ohio-3514, 163 N.E.3d 486 in support of its argument.  In *Taylor,* the court held that a trial court is not required to consider a defendant's ability to pay when it rules on a motion to waive, suspend, or modify court costs:

> By statute, the imposition of court costs on all convicted defendants is mandatory.  R.C. 2947.23(A)(1)(a) reads: 'In all criminal cases, including violations of ordinances, the judge or magistrate *shall* include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs.'  (Emphasis added.)  As we have explained, this strict statutory language "*requires* a court to impose costs against all convicted defendants," indigent or not.  (Emphasis sic.)  *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8.
>
> But R.C. 2947.23(C) gives a trial court continuing jurisdiction to 'waive, suspend, or modify the payment of the costs of prosecution * * * at the time of sentencing or at any time thereafter.'  So, while the court must impose costs, it may also waive, suspend, or modify them.  '[W]aiver of costs is permitted - but not required - if the defendant is indigent.'  *White* at ¶ 14.

*State v. Taylor*, *supra,* at ¶ 6-8.

The court went on to explain:

> * * * It is a basic principle of our legal system that a trial court's decision must not be arbitrary and cannot be based on considerations wholly unrelated to the decision it is tasked with making.  A trial court could not, for instance, deny a motion to waive costs based on the flip of a coin or the color of a defendant's hair or because it is

Tuesday. Neither could a court adopt a standing order to reject all such motions, as that would be opting out of any sort of rational assessment altogether. Statutes often give broad discretion that are reasonable under the circumstances. But to require that a specific criterion be applied in every case, there must be statutory support. And there just isn't any here. Thus, we hold that a trial court is not required to consider the defendant's ability to pay in assessing a motion to waive, suspend, or modify court costs under R.C. 2947.23(C), though it is permitted to do so.

*Taylor* at ¶ 16.

{¶9} Although a trial court is not required to consider a defendant's ability to pay when assessing a motion to waive, suspend, or modify court costs, we recognize that a division of authority exists among appellate districts regarding whether a court must explain its decision. In *State v. Sibrian*, 2d Dist. Montgomery No. 27964, 2020-Ohio-6769, the Second District recently addressed this issue, with facts similar to the case at bar. After the trial court overruled a motion to vacate costs and found the evidence "not to be persuasive," the Second District wrote:

The lynchpin of abuse-of-discretion review is the determination whether the trial court's decision is reasonable. Unless the reason or reasons for the trial court's decision are apparent from the face of the record, it is not possible to determine if the decision is reasonable without some explanation of the reason or reasons for that decision.

*Sibrian*, citing *State v. Chase,* 2d Dist. Montgomery No. 26238, 2015-Ohio-545, ¶ 17.

{¶10} The *Sibrian* court acknowledged that, although the trial court's decision to find the motion "unpersuasive" after "careful consideration" indicates that the trial court did not base the decision simply "on the color of the defendant's hair or the day of the week," nevertheless the decision "does not provide sufficient explanation for an appellate court to review and determine whether its conclusion constituted an abuse of discretion." *Id.* at ¶ 13.

{¶11} In *Chase,* after the trial court denied the motion to vacate costs as "not well taken," the Second District concluded that without some explanation from the trial court the appellate court is "left to guess what criteria was used by the trial court in denying [the] motion." *Sibrian* at ¶ 12.

5

Thus, the Second District reversed and remanded the trial court's decision to deny the defendant's

motion.

{¶12} The Eleventh and Twelfth Districts, however, have reached the opposite conclusion.

In *State v. Riley*, 2019-Ohio-3327, 141 N.E.3d 531, (11th Dist.), the court pointed out that "Ohio

courts have consistently held that a sentencing court is only required to make findings when the

applicable statute requires a finding." *Id.* at ¶ 110. Thus, because R.C. 2947.23(C) is silent

concerning findings, a court is not "required to make findings when ruling on a motion to waive the

payment of court costs." *State v. Mallory*, 11th Dist. Trumbull No. 2019-T-0025, 2020-Ohio-868, ¶

17. *See also State v. Stoutamire,* 11th Dist. Trumbull No. 2020-T-0018, 2020-Ohio-4533, ¶ 10.

Also, the Twelfth District wrote:

> As indicated by the plain language of the statute, the trial court is not required to make any findings or base its decision on any enumerated factors when considering a defendant's motion to waive costs. Neither the statute nor past decisions of the Ohio Supreme Court require the trial court to explain what it considered before ruling on a motion to waive costs. Had the legislature intended the court to make findings or requisite considerations, it would have so required as it did in R.C. 2929.19(B)(5). The statutes applicable to financial sanctions and fines require a trial court to consider a defendant's present and future ability to pay while the statute applicable to costs, R.C. 2947.23, does not.
>
> We note that some courts have determined that a trial court *should* consider certain factors such as the defendant's health, education, work history, and the length of the prison sentence imposed before ruling on a motion to waive costs. *See State v. Thomas,* 11th Dist. Ashtabula No. 2014-A-0072, 2016-Ohio-1357; and *State v. Copeland*, 2d Dist. Montgomery No. 26842, 2016-Ohio-7797 (Hall, J., dissenting). These courts reason that in order to review the trial court's denial of a motion to waive costs, a trial court must first explain its reasoning for such denial. However, as stated above, we are constrained to apply the statute as written and cannot rewrite the statute to say something it does not.

*State v. Babyak,* 12th Dist. Madison No. CA2019-08-025, 2020-Ohio-325, ¶ 12-13.

{¶13} In the case sub judice, the trial court's decision provides in its entirety:

6

> This matter comes before the Court on the defendant's Motion to Vacate and Set Aside Costs, Fines and Restitution and the State of Ohio's memorandum in opposition. The Court finds the defendant's Motion is not well-taken and is overruled.

Although we recognize that an explanation for a trial court's decision regarding a motion to waive payment of court costs may facilitate a more meaningful appellate review, we also recognize that the statute does not require an explicit explanation. Consequently, because the statute is silent concerning findings, trial courts should not be required to make findings when ruling on a motion to waive the payment of court costs. *Riley* at ¶ 110; *Mallory* at ¶ 17; *Babyak* at ¶ 12. R.C. 2947.23(C) "give[s] broad discretion to [trial] courts to make decisions that are reasonable under the circumstances." *Taylor, supra,* at ¶ 7.

{¶14} In the case sub judice, the trial court did not impose a fine, but did include an order that the Ohio Department of Rehabilitation and Corrections withhold appellant's funds to pay the costs. Thus, it also appears that the trial court did, in fact, take appellant's ability to pay into consideration at the original sentencing hearing. In any event, we find that the trial court's denial of appellant's request to waive the payment of costs assessed against appellant, does not constitute an abuse of discretion. Furthermore, we find no error with the trial court's failure to include explicit findings in its order.

{¶15} Accordingly, based upon the foregoing reasons, we overrule appellant's assignment of error and affirm the trial court's judgment.[2]

---

[2] Appellant also submitted a pro se brief that sets forth three additional assignments of error. Although appellant has the right to either appear pro se or, alternatively, to have counsel represent him, appellant has no right to act as co-counsel on his own behalf. *State v. Thompson*, 33 Ohio St.3d 1, 514 N.E.2d 407 (1987). The right to either appear pro se or have counsel are independent of each other and may not be asserted simultaneously.

*State v. Martin,* 103 Ohio St.3d 385, 2004-Ohio-5471, 816 N.E.2d 227; *State v. Smith*, 4th Dist. Highland No. 09CA29, 2010-Ohio-4507; *State v. Smith*, 1st Dist. Hamilton Nos. C-160836 and C-160837, 2017-Ohio-8558; *State v. Greenleaf*, 11th Dist. Portage No. 2005-P-0017, 2006-Ohio-4317; *State v. Davis*, 10th Dist. Franklin No. 05AP-193, 2006-Ohio-5039; *State v. Pizzaro*, 8th Dist. Cuyahoga No. 94849, 2011-Ohio-611. Here, appellant has submitted assignments of error in his pro se appellate brief while he had simultaneous representation from appellate counsel, who also filed an appellate brief. However, appellate courts do possess the discretion to address arguments raised in a pro se brief when the appellant is represented by counsel who has filed a brief if the pro se brief is submitted through appellate counsel and the court has granted a request for leave to file a supplemental brief. *State v. Beaver*, 119 Ohio App.3d 385, 695 N.E.2d 332, (11th Dist. 1997). That is not the situation here. Nevertheless, we will give some consideration to the issues appellant raises.

In his first pro se assignment of error, appellant asserts that the trial court erred by not finding appellant to be indigent at his sentencing hearing, or when he filed the motion to vacate fines and costs. Appellant contends he is indigent and expects to remain so for the next thirty years to life. However, R.C. 2947.23(A) requires a sentencing court to assess costs against *all* defendants. *Braden,* 158 Ohio St.3d 462, 2019-Ohio-4204, 145 N.E.3d 235, ¶ 20, citing *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 11 (superceded by statute as stated in *State v. Braden*). If a defendant is indigent, a court is permitted, but not required, to waive the payment of those costs. *Braden*, *supra,* at ¶ 20, citing *Joseph, supra,* at ¶ 11, citing *State v. Clevenger*, 114 Ohio St.3d 258, 2007-Ohio-4006 ; *Mallory* at ¶ 16-17. Therefore, this argument is without merit.

In his second pro se assignment of error, appellant asserts that had his counsel notified the court of appellant's indigency and inability to pay fines and costs, the court would have found him to be indigent and waived costs and fines at the sentencing hearing. First, the trial court did not impose any fines in the case at bar. Second, in *State v. Davis*, 159 Ohio St.3d 31, 2020-Ohio-309, 146 N.E.3d 560, the Supreme Court of Ohio held that, when an indigent defendant makes an ineffective assistance of counsel claim based upon counsel's failure to request a waiver of court costs, a court must objectively consider the facts and circumstances to determine whether the defendant established the necessary prejudice sufficient to support that claim (i.e., but for counsel's deficient performance, a reasonable probability exists that the result of the proceeding would have been different). The court also pointed out that a determination of indigency alone does

JUDGMENT AFFIRMED.

not constitute a reasonable probability that the trial court would have waived costs had defense counsel so requested. Instead, a court must look at all of the circumstances to determine whether a reasonable probability exists that a trial court would have granted a motion to waive costs. *Davis*. The adoption of R.C. 2947.23(C) now permits trial counsel flexibility regarding a request for waiving costs. *State v. Eblin,* 5th Dist. Muskingum No. CT2019-0036, 2020-Ohio-1216, ¶ 16. Prior to its adoption, a failure to request of waiver of costs at sentencing resulted in a final judgment and prohibited any further consideration of that issue. *Id.*, citing *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 23. However, res judicata no longer bars appellant from requesting a waiver at any time after sentencing. *State v. Farnese*, 4th Dist. Washington No. 15CA11, 2015-Ohio-3533, ¶ 16; *State v. Purifoy*, 2nd Dist. Montgomery No. 28042, 2019-Ohio-2942, ¶ 28; *Eblin* at ¶ 16. Thus, the timing of a motion to seek waiver of costs is a matter of trial strategy. *State v. Pultz*, 6th Dist. Wood No. WD-14-083, 2016-Ohio-329, ¶ 61. A debatable trial strategy does not necessarily equal ineffective assistance of counsel. *State v. Phillips*, 74 Ohio St.3d 72, 85, 656 N.E.2d 643 (1995); *State v. Moore*, 6th Dist. Erie No. E-19-009, 2019-Ohio-4609, ¶ 14. Therefore, because trial counsel does not violate an essential duty to appellant by not filing a motion to waive costs at the sentencing hearing, appellant did not receive ineffective assistance of counsel. Also, because appellant failed to demonstrate a reasonable probability that the outcome would have changed, he did not suffer prejudice as a result of counsel not filing a motion to waive costs. *State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80, ¶ 233.

In his third pro se assignment of error, appellant asserts that the trial court erred by not considering his future ability to pay court costs and fines. However, our resolution of this issue under appellant's counsel's assignment of error renders this assignment of error moot. *State v. Graves,* 900 N.E.2d 1045, 2008-Ohio-5763, ¶ 5 (4th Dist.).

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed. Appellee shall recover of appellant the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment & Opinion

FOR THE COURT

BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.