[Cite as *State v. Rister*, 2023-Ohio-1284.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 21CA17 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | <u>DECISION AND JUDGMENT</u> |
| v. | : | <u>ENTRY</u> |
| | : | |
| ELVIS RISTER, | : | |
| | : | **RELEASED: 04/18/2023** |
| Defendant-Appellant. | : | |

<u>APPEARANCES:</u>

Max Hersch, Assistant State Public Defender, Office of the Ohio Public Defender, Columbus, Ohio for Appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, and Andrea M. Kratzenberg, Assistant Lawrence County Prosecuting Attorney, Ironton, Ohio for Appellee.

Wilkin, J.

{¶1} Elvis Rister ("Rister") appeals the Lawrence County Court of Common Pleas judgment entry that sentenced him for felonious assault, and ordered him to pay court costs. Rister asserts two assignments of error: (1) "The trial court committed plain error when it sentenced Mr. Rister to an indefinite sentence under the unconstitutional Reagan Tokes Law" and (2) "Trial counsel for Mr. Rister rendered ineffective assistance by failing to request a waiver of court costs."

{¶2} In response, the state maintains: (1) that the Reagan Tokes Act is not unconstitutional and (2) Mr. Rister's trial counsel was not ineffective by failing to request the trial court waive court costs.

{¶3} Having reviewed the parties' arguments, the record, and the applicable law, we overrule both of Rister's assignments of error, and affirm the trial court's judgment.

BACKGROUND

{¶4} On February 24, 2021, the state indicted Rister on a felonious assault charge in violation of R.C. 2903.11(A)(1), a second-degree felony. The case was tried to a jury, which found Rister guilty.

{¶5} On October 18, 2021, the trial court held a sentencing hearing. The court indicated that it considered the "purposes and principals of sentencing in Revised Code 2929.11, the seriousness and recidivism factors in 2929.12, and following the guidance of R.C. 2929.13," the court sentenced Rister to an indefinite prison term of 8 to 12 years, post-release control, and ordered him to pay court costs. It is this judgment that Rister appeals.

ASSIGNMENT OF ERRORS

I.     THE TRIAL COURT COMMITTED PLAIN ERROR WHEN IT SENTENCED MR. RISTER TO AN INDEFINITE SENTENCE UNDER THE UNCONSTITUTIONAL REAGAN TOKES LAW. THE FOURTEENTH AMENDMENT TO THE U.S. CONSTITUTION, THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION; ARTICLE I, SECTION 5 OF THE OHIO CONSTITUTION; CRIM.R. 52(B); *STATE EX REL. BRAY V. RUSSEL*, 89 OHIO ST.3D 132, 2000-OHIO-116, 2000-OHIO-117, 2000-OHIO-119, 729 N.E.2D 359; *SWARTHOUT V. COOKE*, 562 U.S. 216, 131 S.CT. 859, 178 L.ED.2D 732 (2011); *APPRENDI V. NEW JERSEY*, 530 U.S. 466, 120 S.CT. 2348, 147 L.ED.2D 435 (2000); OCT. 6, 2021 SENTENCING TR. AT 5-7

II.    TRIAL COUNSEL FOR MR. RISTER RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL BY FAILING TO REQUEST A WAIVER OF COURT COSTS. R.C. 2947.23(C); *STATE V. DAVIS*, 159 OHIO ST.3D 31, 2020-OHIO-309, 146 N.E.3D 560;

*STRICKLAND V. WASHINGTON*, 466 U.S. 668, 104 S.CT. 2052, 80 L.ED.2D 674 (1984).

FIRST ASSIGNMENT OF ERROR

{¶6} Rister claims that the trial court committed plain error in sentencing him to an indefinite prison sentence under the Reagan Tokes Act ("RTA").  In support, he maintains that the RTA is unconstitutional because it violates the separation of powers doctrine, a defendant's right to a jury trial, and a defendant's due process.

{¶7} Rister claims that the RTA violates the separation of powers doctrine because it permits the executive branch of the government, the Ohio Department of Rehabilitation and Corrections ("ODRC"), to unilaterally extend an inmate's prison term, which is a function for the judicial branch of government.

{¶8} Rister also asserts that the RTA violates a defendant's constitutional right to a trial by jury because it allows the ODRC to impose a sentence beyond the minimum stated term or presumptive earned early release date, a role that is reserved for fact finders.

{¶9} Finally, Rister maintains that the RTA violates an inmate's right to due process.  Rister claims that the RTA infringes upon an inmate's protected liberty interest "[b]y vesting the authority to extend one's sentence in the executive branch and failing to guarantee a fair hearing[.]"  Rister asserts that the ODRC, the very entity that keeps an individual in prison, cannot also make the decision to restrict their freedom.

**{¶10}** In response, the state first maintains that the RTA does not violate the separation of powers doctrine because it does not permit the ODRC to lengthen an inmate's sentence.

**{¶11}** The state further argues that the RTA does not violate a defendant's right to a jury trial. The state maintains that under the RTA an inmate will be released on a presumptive early release date or on the expiration of their minimum prison term if certain factors apply. Alternatively, if the presumption is rebutted and the inmate remains imprisoned beyond those dates, then they are never kept beyond their maximum sentence.

**{¶12}** Finally, the state claims that the RTA does not violate due process. It asserts that the hearings conducted by the ODRC are akin to parole/probation revocation or post-release control violation hearings, which do not require judicial involvement.

LAW AND ANALYSIS

**{¶13}** To give some context, we first provide a brief overview of the RTA:

> The Reagan Tokes Law encompasses four newly enacted statutes and amendments to 50 existing statutes. R.C. 2901.011. Relevant here, the Reagan Tokes Law requires that a court imposing a prison term under R.C. 2929.14(A)(1)(a) or (2)(a) for a first or second degree felony committed on or after March 22, 2019, impose a minimum prison term under that provision and a maximum prison term determined under R.C. 2929.144(B). R.C. 2929.144(A) and (C). There is a presumption that the offender "shall be released from service of the sentence on the expiration of the offender's minimum prison term or on the offender's presumptive earned early release date, whichever is earlier." R.C. 2967.271(B). A presumptive earned early release date is a date determined under procedures described in R.C. 2967.271(F) which allow the sentencing court to reduce the minimum prison term under certain circumstances. R.C. 2967.271(A)(2).

R.C. 2967.271(C) states that the Ohio Department of Rehabilitation and Correction ("ODRC") may rebut the presumption in R.C. 2967.271(B) if it

determines, at a hearing, that one or more of the following applies:

(1) Regardless of the security level in which the offender is classified at the time of the hearing, both of the following apply:

(a) During the offender's incarceration, the offender committed institutional rule infractions that involved compromising the security of a state correctional institution, compromising the safety of the staff of a state correctional institution or its inmates, or physical harm or the threat of physical harm to the staff of a state correctional institution or its inmates, or committed a violation of law that was not prosecuted, and the infractions or violations demonstrate that the offender has not been rehabilitated.

(b) The offender's behavior while incarcerated, including, but not limited to the infractions and violations specified in division (C)(1)(a) of this section, demonstrate that the offender continues to pose a threat to society.

(2) Regardless of the security level in which the offender is classified at the time of the hearing, the offender has been placed by the department in extended restrictive housing at any time within the year preceding the date of the hearing.

(3) At the time of the hearing, the offender is classified by the department as a security level three, four, or five, or at a higher security level.

If ODRC rebuts the presumption, it "may maintain the offender's incarceration" after the expiration of the minimum prison term or presumptive earned early release date for a reasonable period of time, determined and specified by ODRC, which "shall not exceed the offender's maximum prison term." R.C. 2967.271(D)(1).

*State v. Bontrager*, 2022-Ohio-1367, 188 N.E.3d 607, ¶ 35-36 (4th Dist.).

{¶14} This court undertakes a de novo review of a constitutional challenge to a statute, and, in this case, it would have been necessary to employ a plain error analysis because Rister did not challenge the constitutionality of the RTA until he filed this appeal. *See State v. Drennen*, 4th Dist. Gallia No. 21CA10, 2022-Ohio-3413, ¶ 16-17. However, our disposition of Rister's first assignment of error is resolved by applying our prior decisions that have upheld the constitutionality of the RTA where appellants unsuccessfully alleged the RTA

suffers from the same constitutional defects, i.e., it violates the separation of powers doctrine, the right to a trial by jury, and the right to due process. *See State v. Holsinger*, 4th Dist. Lawrence No. 21CA20, 2022-Ohio-4092, ¶ 39-40, 45--54; *Drennen*, at ¶ 22-25. *See also State v. Chapman*, 4th Dist. Ross No. 21CA3742, 2022-Ohio-2853, ¶ 77 ("[T[he Reagan Tokes Law does not violate the constitutional right to a jury trial."); *State v. Alexander,* 4th Dist. Adams No. 21CA1144, 2022-Ohio-1812, ¶ 57 (The RTA does not violate the separation of powers doctrine.).

**{¶15}** The arguments that Rister makes in his first assignment of error regarding how the RTA violates the separation of powers doctrine, right to a trial by jury, and due process do not differ in any material way from the arguments that we rejected in the aforementioned cases. Therefore, we overrule Rister's first assignment of error that the RTA is unconstitutional on the authority of *Holsinger*, *Drennen*, *Chapman*, and *Alexander.*

SECOND ASSIGNMENT OF ERROR

**{¶16}** In his second assignment of error, Rister contends that his counsel was ineffective for failing to request the trial court waive its imposition of court costs at his sentencing hearing. Rister claims that he is indigent. "[E]ven so, [he states] his counsel did not request a waiver of court costs during his sentencing; nor was there any discussion surrounding Mr. Rister's ability to pay costs." Rister argues that there was insufficient information to determine whether his costs would have been waived had his counsel so requested. Therefore, Rister maintains that we should remand the case for the trial court to reconsider

whether he has the ability to pay his costs consistent with our decision in *State v. Bowling*, 4th Dist. Jackson No. 19CA2, 2020-Ohio-813.

**{¶17}** The state argues that Rister's counsel was not ineffective by failing to move the court to waive costs. The state claims that even though Rister was determined to be indigent at the time of his arraignment, he was able to post a $25,000 cash or surety bond through a bondsman, which continued throughout the pendency of his case. The state maintains that Rister's posting of this bond indicates that the trial court would not have waived Rister's costs even if his counsel had made such a request because the bond showed that he would be able to pay the costs. Additionally, the state argued that Rister had 12 years of school and he would have the present or future ability to pay his court costs upon his release from prison because of his age.

**{¶18}** In response, Rister argues that "the record does not reflect whether [he] personally paid the bondsman or whether he received help from family or friends." "Nor does the record reflect what portion of the $25,000 he paid before the bondsman covered the rest." He further maintains that the record is devoid of "his work history, previous sources of income or savings when arrested."

LAW

1.  Court Costs

**{¶19}** R.C. 2947.23(A)(1)(a) states: "In all criminal cases, including violations of ordinances, the judge or magistrate shall include in the sentence the costs of prosecution, including any costs under section 2947.231 of the Revised Code, and render a judgment against the defendant for such costs." Thus, the

imposition of court costs on all convicted defendants is mandatory, whether

"indigent or not." *State v. Taylor*, 161 Ohio St. 3d 319, 2020-Ohio-3514, 163

N.E.3d 486, ¶ 6.  However, "R.C. 2947.23(C) gives a trial court continuing

jurisdiction to 'waive, suspend, or modify the payment of the costs of prosecution

* * * at the time of sentencing or at any time thereafter.'  So, while the court must

impose costs, it may also waive, suspend, or modify them."  *Id.* at ¶ 7, quoting

R.C. 2947.23(C).

2.  Ineffective Assistance of Counsel

**{¶20}** In Ohio, every properly licensed attorney is presumed to be competent

so the defendant bears the burden of proving counsel's ineffectiveness.  *State v.*

*Smith*, 17 Ohio St.3d 98, 100, 477 N.E.2d 1128 (1985).

> To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.

*State v. Cremeans*, 4th Dist. Ross No. 21CA3744, 2022-Ohio-4832, ¶ 20, citing
*State v. Wilson,* 4th Dist. Lawrence No. 18CA15, 2019-Ohio-2754, ¶ 25.

"Failure to satisfy either part of the test is fatal to the claim."  *State v. Trout*, 4th

Dist. Scioto No. 19CA3866, 2020-Ohio-3940, ¶ 31, citing *Wilson* at ¶ 25.

**{¶21}** In assessing an ineffective assistance of counsel claim, " 'we must

indulge in "a strong presumption that counsel's conduct falls within the wide

range of reasonable professional assistance; that is, the defendant must

overcome the presumption that, under the circumstances, the challenged action

'might be considered sound trial strategy." ' "  *Cremeans* at ¶ 20, quoting

*Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), quoting *Michel v. Louisiana*, 350 U.S. 91, 101, 76 S.Ct. 158, 100 L.Ed. 83 (1955).  A "strategy, even if debatable, does not establish deficient performance or serve as the basis for an ineffective-assistance-of-counsel claim."  *State v. Watts*, 12th Dist. Warren No. CA2021-04-042, 2021-Ohio-4548, ¶ 10, citing *State v. Holt*, 6th Dist. Lucas No. L-19-1101, 2020-Ohio-6650, ¶ 8-9; *State v. Cepec*, 149 Ohio St. 3d 438, 2016-Ohio-8076, 75 N.E.3d 1185, ¶ 111.

{¶22} "Prior to [the] adoption [of R.C. 2947.23(C)], a failure to request of (Emphasis sic.) waiver of costs at sentencing resulted in a final judgment and a prohibition of any further consideration of that issue."  *State v. Eblin,* 5th Dist. Muskingum No. CT2019-0036, 2020-Ohio-1216, ¶ 16, citing *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164, ¶ 23.  But now R.C. 2947.23(C) states that a "trial court 'retains jurisdiction' to waive court costs 'at the time of sentencing or at any time thereafter.'  To that end, the statute specifically provides an exception to res judicata when a defendant did not request waiver at sentencing or challenge his court costs on direct appeal."  *State v. Braden*, 158 Ohio St. 3d 462, 2019-Ohio-4204, 145 N.E.3d 235, ¶ 23.  "Thus, the timing of a motion to seek waiver of costs is a matter of trial strategy."  *State v. Phillips*, 4th Dist. Scioto No. 20CA3905, 2022-Ohio-478, ¶ 15, fn. 2; *State v. Farnese*, 4th Dist. Washington No. 15CA11, 2015-Ohio-3533, ¶ 15-16; *State v. Purifoy*, 2d Dist. Montgomery No. 28042, 2019-Ohio-2942, ¶ 28; *Eblin* at ¶ 16; *State v. Pultz*, 6th Dist. Wood No. WD-14-083, 2016-Ohio-329, ¶ 61; *State v. Mihalis*, 8th Dist. Cuyahoga No. 104308, 2016-Ohio-8056, ¶ 33.

**{¶23}** More **r**ecently, the Supreme Court of Ohio addressed a conflict-of-law question between the Fifth and Eighth District Courts of Appeals, which asked "whether trial counsel's failure to file a motion to waive court costs at a defendant's sentencing hearing constitutes ineffective assistance of counsel when the defendant has previously been found indigent." *State v. Davis*, 159 Ohio St. 3d 31, 2020-Ohio-309, 146 N.E.3d 560, ¶ 1.  The court did not alter the basic two-part-ineffective-assistance-of-counsel test, we set out supra, which originated in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984).  *Id.* at ¶ 10.  However, it imparted instruction regarding the second prong of the test, i.e., whether counsel's conduct in failing to request a court to waive costs prejudiced the defendant.  Specifically, the Court stated:

> To evaluate whether a defendant has been prejudiced, as part of an ineffective-assistance-of-counsel claim, a court does not assess whether the defendant was simply harmed by counsel's alleged deficient performance. More specifically, the court does not analyze whether the defendant has been required to pay court costs at a given moment, or even whether the defendant has the ability to have court costs waived in the future. Furthermore, a determination of indigency alone does not rise to the level of creating a reasonable probability that the trial court would have waived costs had defense counsel moved the court to do so[.]  * * * The court of appeals, instead, must look at all the circumstances that the defendant sets forth in attempting to demonstrate prejudice and determine whether there is a reasonable probability that the trial court would have granted a motion to waive costs had one been made."

*Id.*  (Internal citations omitted.)

**{¶24}** In *State v. Smith*, we found, "[f]or example, if a court finds that a defendant has the ability to work and pay court costs in the future, the court may decide to *not* waive court costs."  (Emphasis added.) 4th Dist. Pickaway No.

19CA33, 2021-Ohio-2866, ¶ 80.   Also relevant to the determination of whether a court might waive costs is whether "the record contains no indication that appellant 'would be unemployable upon his release, such as a health or medical condition that would preclude him from future employment.' "  *State v. Malone*, 4th Dist. Lawrence No. 21CA9, 2022-Ohio-1409, quoting *State v. Freeman*, 1st Dist. Hamilton No. C-180090, 2018-Ohio-4973, ¶ 13.

ANALYSIS

1.  Counsel's Performance

**{¶25}** As we established above, there are numerous appellate districts, including ours, that recognize a counsel's decision not to seek waiver of costs at sentencing as strategic because it may be more advantageous to seek a waiver at a different time.  However, we find the case of *Holt*, 6th Dist. Lucas No. L-19-1101, 2020-Ohio-6650, particularly instructive on the issue of strategy and waiving costs in our case.  In *Holt*, the appellant "was convicted of attempted felonious assault and vandalism, sentenced to serve 24 months in prison, and ordered to pay all costs * * *.   On appeal, Holt argue[d] that his trial counsel was ineffective for failing to request that the trial court waive his court costs."  *Id.* at ¶ 1.

**{¶26}** In evaluating appellant's ineffective assistance of counsel claim, the court of appeals found that "the decision not to request a waiver at sentencing and instead to postpone it until later has been found to be a matter of trial strategy." *Id.* at ¶ 8.  The court continued:

> Given that Holt's claim of deficient performance is based entirely upon counsel's failure to seek a waiver at sentencing, we

cannot find that Holt has overcome the presumption that trial counsel's inaction was anything other than trial strategy. Indeed, a review of the sentencing transcript reveals that counsel's priority was persuading the court that Holt "would make an excellent candidate" for probation. To that end, counsel stressed that, before this case, Holt had "never been a problem to society," and since committing the offenses, he had "not had any contact with * * * the legal system." Trial counsel also stressed that, while Holt suffered from past alcohol abuse and psychological problems, he had quit drinking and was "taking care of" his emotional health.

*Id.* at ¶ 8.

**{¶27}** In sum, as a matter of trial strategy, counsel may decline to seek a waiver of costs at sentencing upon a belief that raising it at a later time would be more advantageous, or because counsel focuses priority on another issue such as mitigating punishment, or both.

**{¶28}** Similar to *Holt*, counsel herein did not seek a waiver of Rister's costs at sentencing, but instead focused on mitigating his sentence:

In the realm of things, this is not one of worst forms of felonious assault that we've ever seen. It basically amounted to a broken wrist. Those happen. This Court remembers from jury selection, a lot of us had broke wrists at times. Uh, we'd ask the Court to sentence this case on the minimum side on the two * * * two to three side, and uh, take into consideration the factors that we've talked about with Mr. Rister.

**{¶29}** Therefore, we find that Rister's counsel did not violate an "essential duty" by declining to seek a waiver of court costs at sentencing because he may have decided to prioritize sentence mitigation. *Holt* at ¶ 8-9. Alternatively, or in addition, his counsel may have concluded that seeking a waiver of Rister's costs at a time other than sentencing was a better strategy. *Phillips*, 4th Dist. Scioto No. 20CA3905, 2022-Ohio-478, ¶ 15, fn. 2 (A decision to not seek waiver of costs at sentencing may be a strategy). Therefore, we find that counsel's

representation of Rister was not deficient, but could have been a strategic

decision.

## 2. Prejudice

**{¶30}** Even accepting that trial counsel's failure to file a motion to waive

court costs amounted to deficient performance, Rister still could not prevail on his

ineffective assistance claim because he failed to establish prejudice.

**{¶31}** Even though Rister had previously been determined to be indigent,

we know from *Davis* that alone is not enough to support an ineffective assistance

of counsel claim.  Rister claims there is not enough information in the record for

this court to determine whether it would have granted a request to waive costs;

thus, we should remand costs for reevaluation pursuant to *Bowling*, 4th Dist.

Jackson No. 19CA2, 2020-Ohio-813.

**{¶32}** In *Bowling*, the appellant pleaded guilty to unlawful sexual conduct

with a minor in violation of R.C. 2907.04(A) and the trial court sentenced him to

60 months in prison with 5 years of post-release control.  *Id.* at ¶ 1.  In his second

assignment of error on appeal he asserted that trial counsel's failure to request a

waiver of court costs constituted ineffective assistance of counsel.  *Id.* at ¶ 11.

We reasoned:

> In the case sub judice it is difficult for this court to fully and
> objectively review all pertinent facts and evidence to determine
> whether appellant has demonstrated that a reasonable probability
> exists that, had his trial counsel moved the trial court to waive
> court costs, the trial court would have granted the motion. *Davis*,
> supra. We recognize, however, that the record on this particular
> issue is somewhat sparse and should be further developed in
> order to facilitate the full examination of all relevant facts and
> evidence.

*Id.* at ¶ 18.

Therefore, "we sustain appellant's second assignment of error and remand this matter so that the parties and the trial court may consider anew the imposition of court costs issue in light of *Davis* and all pertinent facts and evidence." *Id.* at ¶ 19.  Because the record herein is sufficient to evaluate the prejudice prong of the test, we find *Bowling* distinguishable.

{¶33} While the record may not be replete with evidence regarding whether Rister could pay costs, it does show that he was 45 on March 24, 2021 and that he attended school through the 12th grade, which indicates that even if he served the maximum sentence he would be released at a still-employable age of 57 with a high school education.  *Smith*, 4th Dist. Pickaway No. 19CA33, 2021-Ohio-2866, ¶ 80.  Further, Rister presented no evidence that he was in ill health or otherwise was unemployable.  *Malone*, 4th Dist. Lawrence No. 21CA9, 2022-Ohio-1409, ¶ 24.

{¶34} Finally, Rister posted a $25,000 bond.  He does not deny financing all or part of the bond, but instead asserts that the "record does not reflect whether Mr. Rister paid the bondsman or whether he received help from family and friends."  It is Rister who has the burden of proof in an ineffective assistance of counsel claim.  *Davis*, 159 Ohio St.3d 31, 2020-Ohio—309, 146 N.E.2d 309 at ¶ 24.  Yet, Rister does not actually deny paying all or part of that bond, let alone submit any evidence to support his contention that family or friends paid that bond.

**{¶35}** Therefore, we find Rister has failed to demonstrate a "reasonable probability" that he was prejudiced, i.e., had his counsel moved the trial court to waive costs, it would have granted the motion.

**{¶36}** Even though failing to satisfy either prong would mean that Rister's counsel was not ineffective, we find he failed to show both prongs, i.e., his counsel's representation was not deficient and he was not prejudiced by his counsel's actions. Accordingly, we overrule Rister's second assignment of error.

CONCLUSION

**{¶37}** Having overruled both of Rister's assignments of error, we affirm the trial court's judgment.

**JUDGMENT AFFIRMED.**

JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. and Hess, J.:  Concur in Judgment and Opinion.


For the Court,


BY: _____
Kristy Wilkin, Judge



**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**