[Cite as *State v. Hargis*, 2026-Ohio-726.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 25CA18 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| JUSTIN RYAN HARGIS, | : | |
| Defendant-Appellant. | : | **RELEASED 2/25/2026** |

_____
<u>APPEARANCES</u>:

Karyn Justice, Portsmouth, Ohio, for appellant.

Brigham Anderson, Lawrence County Prosecutor, and Steven K. Nord, Assistant County Prosecutor, Ironton, Ohio, for appellee.
_____

Hess, J.

{¶1}   Justin Ryan Hargis appeals his convictions following guilty pleas on one count of aggravated possession of drugs and one count of theft. Hargis contends that the trial court erred in accepting his guilty plea because it was not made knowingly, voluntarily, and intelligently. He contends that he was not advised that the post-release control would be mandatory upon his release from prison. He also contends he received ineffective assistance of counsel because his trial counsel failed to request a waiver of court costs even though he was indigent.

{¶2}   We find that the trial court advised Hargis that his post-release control would be mandatory when it informed him "you will have to serve a period of post-release control" even though the trial court did not use the term "mandatory." We also find that Hargis failed to show that he was prejudiced by his trial counsel's failure to seek a waiver

of court costs. Although the trial court waived the imposition of thousands of dollars in criminal fines, there was no indication in the record that the trial court would have waived the more nominal court costs, particularly where the trial court was aware of Hargis's indigency status and explained that the costs could be paid by a payment plan or with community service. We overrule Hargis's assignments of error and affirm the trial court's judgment.

## I.  FACTS AND PROCEDURAL HISTORY

{¶3}   The Lawrence County grand jury indicted Hargis with one count of aggravated possession of drugs, a second-degree felony; one count of theft, a fifth-degree felony; one count of possession of criminal tools, a fifth-degree felony; and one count of criminal damaging, a second-degree misdemeanor. He initially pleaded not guilty but subsequently entered into a negotiated plea agreement and jointly recommended sentence with the State. Hargis pleaded guilty to aggravated possession of drugs and theft and the remaining two counts were dismissed. The parties jointly recommended a sentence of 4 to 6 years on the drug possession count and 12 months on the theft count, to run concurrently.

{¶4}   At the plea hearing, the trial court first reviewed the "Proceeding on Guilty Plea" statement that Hargis prepared. On the statement, Hargis inserted in his own handwriting, "36 months" acknowledging that if he were sentenced to prison, he "will be subject to a period of post release control for up to 36 months." The trial court explained to Hargis his drug offense, count one, was:

> punishable by a minimum stated prison term of two years up to eight years
> in the appropriate penal institution subject to an additional indeterminate
> sentence of up to fifty percent of the minimum state[d] prison term for a
> maximum of up to twelve years in the appropriate penal institution, up to

three years of post-release control but no less than eighteen months, a mandatory minimum fine of $7,500 up to $15,000.

On the theft offense, count two, the trial court explained that the offense was:

punishable of up to twelve months in the appropriate state penal institution, up to two years of post-release control, and a fine of up to $2,5000.

**{¶5}**   The trial court explained the constitutional rights Hargis was waiving, the effect of the plea, and the nature of the charges. It advised Hargis that his prison term and the post-release control were mandatory:

COURT: And as previously advised, do you understand that in the event that you're sent to a penal institution, you will have to serve a period of post-release control of up to three years but no less than eighteen months on Count One of the indictment, and up to two years of post-release control on Count Two of the indictment?

HARGIS: Yes, Your Honor.

**{¶6}**   Following the plea colloquy, Hargis pleaded guilty to the drug possession and theft charges. The trial court held a sentencing hearing and sentenced Hargis in accordance with the jointly recommended sentence. Hargis appealed.

## II.  ASSIGNMENTS OF ERROR

**{¶7}**   Hargis presents the following assignments of error:

1. Mr. Hargis did not knowingly, intelligently and voluntarily enter guilty pleas.

2. Mr. Hargis did not receive the effective assistance of counsel.

## III. LEGAL ANALYSIS

### A. The Plea Colloquy

**{¶8}**   Hargis argues that his guilty plea was not made knowingly, intelligently, and voluntarily because during the plea colloquy the trial court failed to advise him, in violation of Crim.R. 11(C)(2)(a), that the term for post-release control for the drug possession

offense (count one) was mandatory. The State argues that the record shows that the trial court advised Hargis several times prior to accepting his guilty plea that the post-release control was mandatory.

### 1. Standard of Review

**{¶9}** We conduct a de novo review of the record to determine whether the plea was made knowingly, intelligently, and voluntarily. *State v. Pierce*, 2024-Ohio-82, ¶ 8 (4th Dist.) ("An appellate court determining whether a guilty plea was entered knowingly, intelligently, and voluntarily conducts a de novo review of the record to ensure that the trial court complied with the constitutional and procedural safeguards." )

### 2. Legal Analysis

**{¶10}** "Because a no-contest or guilty plea involves a waiver of constitutional rights, a defendant's decision to enter a plea must be knowing, intelligent, and voluntary." *State v. Dangler*, 2020-Ohio-2765, ¶ 10. If the plea was not made knowingly, intelligently, and voluntarily, enforcement of that plea is unconstitutional. *Parke v. Raley*, 506 U.S. 20, 28-29 (1992).

**{¶11}** Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas to provide "an adequate record on review by requiring the trial court to personally inform the defendant of his rights and the consequences of his plea and determine if the plea is understandingly and voluntarily made." *Dangler* at ¶ 11, quoting *State v. Stone*, 43 Ohio St.2d 163, 168 (1975). The trial court must address the defendant and strictly comply with the provisions in Crim.R. 11(C)(2)(c) in which the court advises a defendant of all of the constitutional rights he waives by pleading guilty. Strict compliance is not the standard with regard to the nonconstitutional notifications. Rather,

"with respect to the nonconstitutional notifications required by Crim.R. 11(C)(2)(a) and 11(C)(2)(b), substantial compliance is sufficient." *State v. Veney*, 2008-Ohio-5200, ¶ 14, citing *State v. Stewart*, 51 Ohio St.2d 86 (1977). " 'Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving.' " *Id*. at ¶ 15, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). This issue here is whether the trial court substantially complied with the notification in Crim.R. 11(C)(2)(a) to inform Hargis of the maximum penalty involved.

**{¶12}** When the trial court fails to advise a defendant that the sentence includes a mandatory term of post-release control, the trial court fails to comply with Crim.R. 11 and we must vacate the plea and remand the cause.

> [I]f a trial court fails during a plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the defendant may dispute the knowing, intelligent, and voluntary nature of the plea either by filing a motion to withdraw the plea or upon direct appeal. Further, we hold that if the trial court fails during the plea colloquy to advise a defendant that the sentence will include a mandatory term of postrelease control, the court fails to comply with Crim.R. 11, and the reviewing court must vacate the plea and remand the cause.

*State v. Sarkozy*, 2008-Ohio-509, ¶ 25-26 ("Sarkozy's plea could not have been knowingly and intelligently given because the trial court failed to advise him at the plea hearing that postrelease control would be part of his sentence."); *State v. Bradford,* 2024-Ohio-2669, ¶ 10 (4th Dist.) (where defendant and state agreed that the trial court did not notify defendant about the mandatory nature of post-release control, the plea was not made knowingly, voluntarily, and intelligently).

**{¶13}** Post-release control is mandatory for up to 3 years, but not less than 18 months for a felony of the second degree that is not a felony sex offense. R.C.

2967.28(B)(3). Hargis pleaded guilty to second-degree felony drug possession in violation of R.C. 2925.11(A)(C)(1)(c). Contrary to Hargis's assertions, the record shows that during the plea colloquy the trial court advised Hargis, "you will have to serve a period of post-release control." The trial court is not required to use the term "mandatory" if the words used convey the same meaning or the trial court uses equivalent terms such as "will," "shall," "must," or "required." *State v. Tolbert,* 2017-Ohio-9159, ¶ 27 (8th Dist.) (trial court's statement that "postrelease control is part of this prison sentence for 3 years" conveyed that post-release control would be mandatory); *State v. Rucker*, 2016-Ohio-5111, ¶ 6 (1st Dist.) (court's statement that "you'll be on a period of supervision" was sufficient to notify defendant of the mandatory nature of his post-release control).

{¶14}  We overrule Hargis's first assignment of error.

### B. Ineffective Assistance of Counsel

{¶15}  Hargis contends that his attorney filed his affidavit of indigency but did not request the waiver of court costs. He argues his counsel's failure to do so was deficient because the record shows that it is likely that the trial court would have granted the request. However, he cites no place in the record to support his contention that it was likely the trial court would have waived costs.

{¶16}  In criminal cases, the trial court must include in the sentence the costs of prosecution, including any costs under R.C. 2947.231 (related to state board of pharmacy costs). R.C. 2947.23(A)(1)(a). Thus, the imposition of court costs is mandatory regardless of the indigency status of the defendant. *State v. Taylor,* 2020-Ohio-3514, ¶ 6. However, a trial court has continuing jurisdiction to "waive, suspend, or modify the payment of the costs of prosecution . . . at the time of sentencing or at any time thereafter." R.C.

2947.23(C) "Thus, while the court must impose costs, it may also waive, suspend, or modify them." *Taylor* at ¶ 7.

**{¶17}** To prevail on a claim of ineffective assistance of counsel as it pertains to the waiver of court costs "a criminal defendant must establish (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different." *State v. Wilson,* 2019-Ohio-2754, ¶ 25 (4th Dist.). "Failure to satisfy either part of the test is fatal to the claim." *Wilson* at ¶ 25.

**{¶18}** The Supreme Court of Ohio has held that when an indigent defendant makes an ineffective-assistance-of-counsel claim based upon counsel's failure to request a waiver of court costs, a court must objectively consider the facts and circumstances to determine whether the defendant established the necessary prejudice sufficient to support that claim (i.e., but for counsel's deficient performance, a reasonable probability exists that the result of the proceeding would have been different). *State v. Davis,* 2020-Ohio-309, ¶ 15.

> We hold that when an indigent defendant makes an ineffective-assistance-of-counsel claim based upon counsel's failure to request a waiver of court costs, a reviewing court must apply the test in *State v. Bradley*, 42 Ohio St.3d 136, 141-142, 538 N.E.2d 373 (1989), which adopted the standard that had been announced in *Strickland*, for determining whether a defendant received ineffective assistance of counsel. If a court analyzes the prejudice prong, then it must consider the facts and circumstances of the case objectively to determine whether the defendant established the necessary prejudice sufficient to support that claim—i.e., but for counsel's deficient performance, there exists a reasonable probability that the result of the proceeding would have been different.

*State v. Davis*, 2020-Ohio-309, ¶ 1. "[A] determination of indigency alone does not rise to the level of creating a reasonable probability that the trial court would have waived costs had defense counsel moved the court to do so." *Davis* at ¶ 12.

{¶19} Here the record shows that the trial court fully considered Hargis's indigency when it did not impose the mandatory criminal fines. Moreover, the trial court considered the issue of costs and specifically informed Hargis, "Sir, if you're unable to pay those costs, you can make payments through the Clerk of Courts office downstairs or you can work those costs off through community service."

{¶20} Hargis has failed to establish that his counsel was ineffective. First, he has not demonstrated that his counsel's performance was deficient. With the adoption of R.C. 2947.23(C), "the timing of a motion to seek waiver of costs is a matter of trial strategy." *State v. Phillips*, 2022-Ohio-478, ¶ 15, fn. 2. (4th Dist.); *State v, Kelly*, 2026-Ohio-71, ¶ 14 (4th Dist.); *State v. Rister*, 2023-Ohio-1284, ¶ 27 (4th Dist.) ("as a matter of trial strategy, counsel may decline to seek a waiver of costs at sentencing upon a belief that raising it at a later time would be more advantageous, or because counsel focuses priority on another issue such as mitigating punishment").

{¶21} Second, Hargis has failed to establish prejudice because indigency status alone is not determinative of whether court costs should be paid. *State v. Lansing,* 2025-Ohio-4641, ¶14 (4th Dist.). Here, the record demonstrates that the trial court was aware of Hargis's financial situation and informed him that if he could not pay, he could set up a payment plan or perform community service work. He has failed to show that there was a reasonable probability that had his attorney sought a waiver of costs, it would have been granted. *State v. Walton*, 2024-Ohio-6071, ¶ 41 (4th Dist.) (defendant did not establish

prejudice when court acknowledged defendant was indigent, incarcerated on other offenses, and unemployed, but still ordered costs to be deducted from defendant's commissary account).

**{¶22}** We overrule Hargis's second assignment of error.

IV.  CONCLUSION

**{¶23}** We overrule the assignments of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT IS AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Wilkin, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
    Michael D. Hess, Judge



### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 22, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**